IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| WILLIAM S. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 05-74295 |
| | ) | |
| v. | ) | Hon. Nancy G. Edmunds |
| | ) | Mag. Judge Majzoub |
| | ) | |
| ZOLL MEDICAL CORPORATION | ) | |
| and MEDTRONIC, INC., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |

_____

## STIPULATED PROTECTIVE ORDER

This stipulation is entered into by and among William S. Parker, Zoll Medical Corporation and Medtronic, Inc. (individually referred to as a "Party," and collectively referred to hereafter as the "Parties");

WHEREAS the Parties are engaged in formal discovery pursuant to the Federal Rules of Civil Procedure;

WHEREAS each of the Parties assert that discovery will require the disclosure of information or matters that include trade secret or other confidential research, development, or commercial information within the meaning of Rule 26 of the Federal Rules of Civil Procedure;

WHEREAS, the Parties have expressed that they would move for a protective order unless certain protections and safeguards are provided with respect to the information to be released;

1                1245582.01

WHEREAS, the Parties agree to enter into this Stipulated Protective Order (this "Order") to avoid the time and expense to be incurred by all Parties hereto in connection with formal motions and requests for hearings seeking protective orders from the Court.

Now, therefore, the Parties agree as follow:

## 1.   DEFINITIONS

1.1.   "Confidential Information" shall mean any information and things, whether revealed during a deposition, in a document, in a discovery response or otherwise, which information and things include: proprietary technical information; trade secrets; confidential know-how; information about a Party's customers; and/or proprietary business information which relates to a commercial operation of any Party concerning the subject matter in suit, and which is not known to the other Parties free of restriction or otherwise in the public domain.  "Confidential Information" shall not include any information which prior to disclosure thereof was public knowledge, or which, after disclosure thereof, becomes public knowledge as a result of publication by one having the unrestricted right to do so.

1.2.   "Producing Party" shall mean any Party who produces for inspection, provides access to, provides copies of, or otherwise discloses "Confidential Information" to any other Party.

1.3.   "Requesting Party" shall mean any Party who requests the production, provision of access, provision of copies, or disclosure of Confidential Information from a Producing Party.

1.4.   "Receiving Party" shall mean any Party who receives the Confidential Information of another Party.

1.5.   "Outside Counsel" shall mean the attorneys and employees of Dykema Gossett PLLC and Goodwin Procter for Defendant Zoll Medical Corporation; Robins, Kaplan, Miller & Ciresi L.L.P. and Weintraub Group for Defendant Medtronic, Inc.; and the attorneys and employees of Jaffe, Raitt, Heuer & Weiss, P.C., and Niro, Scavone, Haller & Niro for Plaintiff William S. Parker.

**2.   ADMINISTRATION AND LOGISTICS.**

2.1.   Discovery Requests

2.1.1.   Each document or thing provided to the receiving party, or any portion thereof, each set of interrogatory answers, and each set of answers to a request for admission or portion thereof which discloses information deemed by the disclosing entity in good faith to be either "Confidential" or "Confidential Designated Counsel Only" information subject to the provisions of this Stipulated Protective Order shall be so identified by including on the first page thereof the legend "CONFIDENTIAL" or "CONFIDENTIAL DESIGNATED COUNSEL ONLY" as appropriate.   Such identification shall be made at the time when the answer to the interrogatory

1245582.01

or the answer to the request for admission is served, or when the document or thing is provided to the other party except that if inspection of a disclosing entity's premises or things will disclose "Confidential" or "Confidential Designated Counsel Only" information, the disclosing entity shall inform the other party of same in writing in advance of the inspection.

2.1.2.    For deposition testimony, unless modified by agreement of counsel or Court order, only those persons authorized by this Order to receive "Confidential Information" may be present during depositions. Furthermore, if during the course of a Producing Party's deposition, such Producing Party believes all, or a portion, of its testimony constitutes "Confidential Information," at any time during the course of the deposition, counsel for the Producing Party may designate on the record all, or a portion, of the resulting deposition transcript as "Confidential" Information.

2.1.3 Each transcription of a deposition of a disclosing entity and exhibits thereto shall be presumptively deemed to be "Confidential Designated Counsel Only" and subject to the provisions of this Stipulated Protective Order for a period of thirty days following receipt of the transcript by counsel for the deponent. Within the thirty days, counsel for the deponent or for any party to this action may designate certain pages or portions thereof and exhibits as "Confidential" or "Confidential Designated Counsel Only" by notifying all counsel of record in writing of said designation, and such pages or portions thereof and exhibits shall be treated as "Confidential" or "Confidential

1245582.01

Designated Counsel Only" information subject to the terms of this Stipulated Protective Order. Counsel for each party shall be responsible for marking the designated pages of copies of the transcript and exhibits in their possession with one of the legends specified in paragraph 2.1.1 hereof. If no such designation is made by counsel within thirty days after receipt of the transcript, the transcript (but not exhibits attached thereto) shall be considered not to contain any "Confidential" of "Confidential Designated Counsel Only" information.

2.2.   Production of "Confidential Information."

2.2.1 The Parties agree to the following parameters for the production of "Confidential Information."  Legible photocopies of documents, and where reasonably possible, inspected things, may be used for all purposes in this action in the place of, and to the extent that, "originals" may be so used. The "original" copy of the document, to the extent and in whatever form it may be found in the files of a party, and the original things, shall be made available for inspection at reasonable times upon reasonable request of the requesting party.

2.2.2 Any information, documents or things designated as "Confidential" or "Confidential Designated Counsel Only" information by a disclosing entity shall be used by the Receiving Party solely for the depositions, preparation of motions and trial of this lawsuit, settlement discussions and

1245582.01

negotiations, or any form of alternative dispute resolution of those actions and for no other purpose whatsoever, whether directly or indirectly.

        2.2.3 All documents and things provided in discovery by each disclosing entity shall bear identifying numbers when a copy or copies are given to the receiving party together with a designation identifying the disclosing entity.

        2.3   Inadvertent disclosures

        If a Producing Party at any time notifies the Requesting Party, in writing, that it inadvertently produced documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, the Requesting Party shall return all copies of such documents, testimony, information, and/or things to the Producing Party within five (5) business days of receipt of such notice and shall not further use such items for any purpose until further order of the Court.  The return of any discovery item to the Producing Party shall not in any way preclude the Requesting Party from moving the Court for a ruling that: (1) the document or thing was never privileged, or (2) immunity has been waived.  If the Producing Party does not request the return of the document from the Receiving Party within ten (10) days of discovery of the inadvertent disclosure, then the party waives the privilege and/or immunity of that document.

1245582.01

The inadvertent production of any document or thing without a "Confidential" designation shall be without prejudice to claim that such material is "Confidential."   If the Producing Party asserts that such materials are Confidential, the Receiving Party shall take prompt steps to ensure that all known copies of such material are marked "Confidential" and treated as such. Nothing in this section shall preclude a Party from challenging the propriety of the claim of confidentiality.

1245582.01

### 3.   HIGHLY SENSITIVE "CONFIDENTIAL INFORMATION"

To the extent a Producing Party has a good faith basis for believing that certain "Confidential Information" is so sensitive that its dissemination deserves further limitation, the Producing Party may designate such information as "Confidential Designated Counsel Only."   "Confidential Information" designated "Confidential Designated Counsel Only" is limited to information that a Producing Party reasonably believes would cause competitive harm to that Party if disclosed to anyone other than the individuals listed in Sections 4.1, 4.2, 4.4, 4.5, and 4.7 below whether or not such a person acknowledges in writing that he or she has read this Order, understands it, and agrees to be bound by it pursuant to Sections 7.1 and 7.2.   Access to, and disclosure of, "Confidential Designated Counsel Only" information shall be limited to the individuals listed in Sections 4.1, 4.2, 4.4, 4.5, and 4.7 below.   Use and/or dissemination of information designated "Confidential Designated Counsel Only" shall be in accordance with the provisions of this Order.

### 4.   AUTHORIZED ACCESS TO "CONFIDENTIAL INFORMATION"

Access to, and disclosure of, all documents, testimony, information, and things received by counsel for a Receiving Party pursuant to discovery, which are designated "Confidential," shall be limited to:

4.1.   Outside counsel of record for the Requesting Party and their paralegals, administrative assistants, secretaries, and support staff. Notwithstanding the foregoing, however, the Parties agree that if any law firm

8                    1245582.01

in this litigation is also acting as patent prosecution counsel in the field of defibrillators, then attorneys and support staff who are involved in such patent prosecution shall not have access, either directly or through communications with other attorneys of the firm, to any Confidential Information produced by any other Defendant party.  Execution of this Order by undersigned counsel shall constitute a representation that all such persons shall observe the terms of this Order;

      4.2.   Subject to Section 6 of this Order, outside consultants or experts retained by a Requesting Party in this litigation who are not employees of a Requesting Party or its affiliates and who do not have any subsisting or ongoing employment or retainer relationship with a Requesting Party.  Such outside consultants or experts shall agree to be bound by this Order to the same extent as if they were a party to this agreement and not to use a Producing Party's "Confidential Information": (i) for the benefit of the Requesting Party other than in connection with this litigation; or (ii) for the benefit of any other person or entity;

      4.3.   William S. Parker, and in-house counsel, directors, officers and employees of Zoll Medical Corporation and Medtronic, Inc., including their parents and subsidiaries and affiliates, whose duties require them to assist Outside Counsel to prepare for trial;

      4.4.   Any person who has been called to provide testimony by deposition provided such person has agreed in writing to abide and be bound

1245582.01

by the terms of this Protective Order by executing a document in the form attached hereto as Exhibit A, except that regardless of whether such deponent agrees to sign Exhibit A, such "Confidential Information" or document may be disclosed to such person at the person's deposition if:

> (i)   The deponent is listed as an author, addressee, or recipient on the face of a document designated "Confidential";
>
> (ii)   The "Confidential Information" or document was produced by or obtained from said deponent;
>
> (iii)   The parties stipulate to allow the deponent to review the document; or
>
> (iv)   Upon order of the Court for good cause shown; and

4.5.   Court reporters, videographers, and Court personnel, as necessary.

4.6.   A Requesting Party may not disclose a Producing Party's "Confidential" information to any Party other than those listed in Sections 3 and 4.1-4.5 and 4.7 without the prior written consent of the Producing Party.

4.7   Independent copying services, independent computer consulting and support services, independent exhibit makers, independent translators, and other independent litigation support services retained by counsel for purposes of this action.

1245582.01

## 5. FILING MATERIALS CONTAINING "CONFIDENTIAL INFORMATION"

No party shall file any material designated "Confidential" or "Confidential Designated Counsel Only" by any party pursuant to this Stipulated Protective Order except as provided in this section. A party wishing to use any "Confidential" or "Confidential Designated Counsel Only" information in connection with a filing in the above-entitled action must file the information in a sealed envelope. The parties request that the "Confidential" or "Confidential Designated Counsel Only" information in the sealed envelope not be disclosed by the Clerk or any other person except upon further order of the Court.  On the sealed envelope shall be affixed an identifying caption, and a statement in the following form:

> CONFIDENTIAL: SUBJECT TO PROTECTIVE
> ORDER - This envelope contains documents
> which have been filed in this case by [name of
> party] and is not to be opened nor the
> contents thereto be displayed or revealed
> except by the Court or upon order of the Court.

At trial, "Confidential" and "Confidential Designated Counsel Only" information shall be treated as ordered or directed by the Court at that time.

## 6. CONSULTANTS AND EXPERTS

The following provisions shall control the dissemination of "Confidential Information" to consultants and experts.

1245582.01

6.1.   A Party proposing to show "Confidential Information" to a consultant or expert per Section 4.2, above, shall first submit a sworn undertaking, in substantially the format attached hereto as Exhibit A, and a curriculum vitae (a "C.V.") which includes the consultant's or expert's name, current business affiliation and address, and any known present or former relationships between the consultant or expert and the Producing Party or known competitor of the Producing Party. The undertaking and C.V. shall be delivered to the Producing Party by facsimile with confirmatory copy at least five (5) business days prior to the disclosure of any "Confidential Information" to such consultant or expert.   Experts for plaintiff and defendant shall be entitled to use staff, assistants and clerical workers as they normally do in organizing documents, preparing opinions and doing the other analysis and leg work necessary to assist the experts in completing their assignments.

6.2.   If a Party receiving a notice pursuant to this Section 6, objects to such "Confidential Information" being disclosed to the selected consultant or expert, such Party shall make its objections known to the sender of the notice, via facsimile with a confirmatory copy, within five (5) business days of receipt of the written notification required by this Section.   Such objection must be for good cause consistent with Section 4.2, stating with particularity the reasons for the objection.   If the parties are unable to resolve their objections, the party seeking to make the disclosure may apply to the Court to resolve the matter.   If a written notice of objection is provided, no

1245582.01

"Confidential Information" shall be disclosed to the selected consultant or expert until the objection is resolved by an order of the Court or by an agreement among the Parties involved.

7.    **PERSONS ACCESSING "CONFIDENTIAL INFORMATION"**

7.1    Any person, prior to receiving "Confidential Information" under Section 4.2 above, shall be furnished with a copy of this Order and shall acknowledge in writing that he or she has read this Order, understands it, and agrees to be bound by it.   Acknowledgment is an express agreement to be subject to the jurisdiction of this Court in connection with any proceeding or hearing relating to such "Confidential Information" or to this Order, including any proceeding relating to the enforcement of the Order.   (See form attached as exhibit A.)

7.2    The recipient of information, documents or things identified as "Confidential" or "Confidential Designated Counsel Only" information hereunder shall maintain such information, documents or things in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information, documents or things.

1245582.01

## 8.   NO OTHER USE

Under no circumstances shall any Party disclose or make use of any "Confidential Information" obtained by it, except for purposes of this civil action.  Such restriction, however, shall not apply to information which, at or prior to disclosure thereof in this action, is or was public knowledge as a result of publication by one having unrestricted right to do so, or which previously was known to the Parties, or which later is disclosed to them by one having the unrestricted right to do so, or which is otherwise in the public domain.

## 9.   CHALLENGES TO "CONFIDENTIAL" DESIGNATION

9.1   This Order shall be without prejudice to the right of any Party, any person authorized access to "Confidential Information" under Sections 3 or 4, or any interested member of the public to bring before the Court the question of whether any particular item should no longer be designated as "Confidential Information," or as "Confidential Designated Counsel Only" information under the terms of this Order.

9.2   In any motion challenging the classification, the producing party shall have the burden of establishing the need for classification as "Confidential" and "Confidential Designated Counsel Only."

14                      1245582.01

10.   **THIRD-PARTY PRODUCTIONS**

To the extent that documents, things, and deposition testimony are sought from a third-party, and in the event any documents, things, and/or deposition testimony are obtained from a third-party, such third-party shall have the right to designate any such documents, things, and/or deposition testimony as "Confidential Information," and the use of such "Confidential Information" by any Receiving Party shall be governed in all respects by the terms of this Order.

11.   **PRIVILEGE**

Nothing in this Stipulated Protective Order shall require disclosure of information, documents or things which the disclosing entity contends is protected from disclosure by the attorney-client privilege or the work-product exception. This Stipulated Protective Order will not preclude any party from moving the Court for an order directing the disclosure of such information, documents or things.

12.   **LASTING OBLIGATIONS**

Upon final termination of this action, the following provisions shall continue in full force and effect, with regard to the subject matter of this Order.

12.1. All persons subject to the terms hereof shall collect and return to the respective Parties all material designated "Confidential" or "Confidential Designated Counsel Only" and all copies thereof within 60 days of final termination of this action, including all copies of such Confidential Information

which may have been made.  Alternatively, all persons subject to the terms of this Order may elect to destroy such materials and documents. Notwithstanding the foregoing, Outside Counsel for each Party may retain copies of pleadings, court filings, deposition and trial exhibits, attorney notes and other work product.  The fulfillment of the obligations imposed by this paragraph, whether by return, destruction, or both, shall be certified in writing by the Receiving Party.

12.2. All obligations and duties arising under this Order shall survive the termination of this action.  The Court retains jurisdiction indefinitely over the Parties, and any persons provided access to "Confidential" information under the terms of this Order, with respect to any dispute over the improper use of such "Confidential" information.

## 13.   TRIAL

This order shall apply to pre-trial proceedings and not to the trial of this action.   The Parties shall address any needed protection for the confidentiality of materials introduced into evidence at trial with the Court at the pretrial conference.

## 14.   MODIFICATION

This Stipulated Protective Order shall be without prejudice to the right of any party to seek a modification hereof, by leave of Court.

## 15.   A PARTY'S OWN "CONFIDENTIAL INFORMATION"

16                         1245582.01

Nothing herein shall be construed to limit in any way a party's use of its own "Confidential Information."

Dated: May 22, 2006

Dated: May 22, 2006

/s/ Patrice S. Arend
Lawrence R. Jordan (P27169)
Peter M. Falkenstein (P61375)
Patrice S. Arend (P56962)
JAFFE, RAITT, HEUER & WEISS, PC
201 S. Main, Suite 300
Ann Arbor, Michigan 48104
Ph: (734) 222-4776
Fax: (734) 222-4769

Of counsel:

Raymond P. Niro
Christopher J. Lee
David J. Sheikh
Frederick C. Laney
Niro, Scavone, Haller & Niro
181 W. Madison, Suite 4600
Chicago, Illinois  60602
Ph: (312) 236-0733
Fax: (312) 236-3137

ATTORNEYS FOR WILLIAM S. PARKER

/s/ Richard Myrus with permission
Richard J. Landau
Dykema Gossett PLLC
2723 S. State Street
Suite 400
Ann Arbor, MI 48104
Phone: (734) 214-7669
Email: rlandau@dykema.com

John C. Englander
Richard Myrus
Goodwin Procter
Exchange Place
53 State Street
Boston, Massachusetts 02109
Fax: (617) 523-1231

ATTORNEYS OR ZOLL MEDICAL CORPORATION

17          1245582.01

**/s/ Thomas Mahlum w/
permission
Arnold S. Weintraub
Robert A. Dunn
Weintraub Group
32000 Northwestern Highway
Suite 240
Farmington Hills, MI 48334
Phone: 248-865-9430**

**Thomas C. Mahlum
Robins, Kaplan, Miller & Ciresi
L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue Minneapolis,
MN 55402
Phone: (612) 349-8500 Fax:
(612) 339-4181**

**ATTORNEYS FOR MEDTRONIC, INC.**

1245582.01

## **ORDER**

Good cause appearing, it is so ORDERED in accordance with the above stipulation

s/Nancy G. Edmunds

Nancy G. Edmunds

United States District Judge


Dated:  May 24, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer

Case Manager

1245582.01

## Exhibit A

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **WILLIAM S. PARKER,** | **)** | |
| | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | **Civil Action No. 05-74295** |
| | **)** | |
| **v.** | **)** | **Hon. Nancy G. edmunds** |
| | **)** | **Mag. Judge Majzoub** |
| | **)** | |
| **ZOLL MEDICAL CORPORATION,** | **)** | |
| **MEDTRONIC, INC. and** | **)** | |
| **WELCH ALLYN, INC.,** | **)** | |
| | **)** | |
| **Defendants.** | **)** | |
| | **)** | |

_____

I,_____, being duly sworn, state

that:

    **1. My address is**

      _____

      ____.

    **2. My present employer is**

      _____

      ____.

20                    1245582.01

3. **My present occupation or job description is**

   **_____**

   **\_\_.**

4. **I have received a copy of the Stipulated Protective Order filed in the above-entitled action, and signed by Judge Edmunds on _____, 2006.**

5. **I have carefully read and understand the provisions of the Stipulated Protective Order.**

6. **I certify that I am eligible to have access to "Confidential Information" under the terms of the Stipulated Protective Order; and if necessary thereunder, my curriculum vitae is attached hereto.**

7. **I will comply with all provisions of the Stipulated Protective Order.**

8. **I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this action, any "Confidential Information" disclosed to me.**

9. **I will return all "Confidential Information" which comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the Party by whom I am retained at the conclusion of my retainer or at the final termination of the litigation.**

10. **I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.**

1245582.01

_____   _____

**(Signature)**

**Sworn to and subscribed to me before this**

_____ **day of** _____, **2006.**

_____

**Notary Public**

1245582.01